STATE OF NORTH CAROLINA, Plaintiff v. MARLON GOODWIN, Defendant

No. COA07-1028

(Filed 20 May 2008)

**1. Appeal and Error— invited error—failure to instruct on self-defense—defense request that instruction not be given**

Defendant waived any appellate review of the court's failure to instruct on imperfect self-defense where he specifically requested that the jury not be instructed on self-defense.

**2. Appeal and Error— jury question—instruction on self-defense not given—defense opposition to instruction**

Defendant waived his right to appellate review of whether the trial court erred by not giving an instruction on self-defense in response to the jury's question that could be construed as raising issues of self-defense where his attorney specifically stated that he did not want jury instructions on self-defense and never explicitly changed his position even though he was given ample opportunities to do so.

**3. Sentencing— prior record level—assignment of points—no prejudice**

There was no prejudicial error in the trial court's calculation of defendant's prior record level where defendant argued that he was assigned one point for each of two convictions in the same district court session, and points for both possession of a firearm by a felon and the underlying offense. Defendant's prior record point total would be the same even if defendant was correct about the convictions in the same session, and possession of a firearm by a felon is a separate substantive offense from the underlying felony.

Appeal by defendant from judgment entered 25 September 2006 by Judge William Z. Wood, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 7 February 2008.

*Attorney General Roy A. Cooper, III by Special Deputy Attorney General Edwin W. Welch, for the State.*

*Kathryn L. VandenBerg, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted by a jury of second degree murder and attempted first degree murder. Defendant appeals. The issues before this Court are whether the trial court erred in not giving the jury an instruction on imperfect self-defense and in calculating defendant's prior record level. For the following reasons, we find no prejudicial error.

## I. Background

The State's evidence tended to show the following: On the evening of 6 January 2005, Kentrell Lamar Coleman ("Coleman") went to 214 Morgan Place to pick up several ounces of cocaine. Coleman entered the house with Alicia Herndon and saw Leonzo, defendant, and two other males, one of whom Coleman later learned was named John.

Coleman testified as follows:[1] Coleman, Leonzo, and defendant talked for a bit, and then defendant left the room. Defendant returned with a gun, telling Coleman, "This is what's up, this is what it is[.]" Coleman reached for his own gun and saw that Leonzo, John, and the other male also had guns out. Coleman thought Leonzo shot first and Coleman later fired five shots. Everyone was shooting. Coleman was shot five times and was hit in his shoulder, hip, knee, back, and thigh. Coleman saw that Herndon was dead. Coleman crawled into another room "waitin' to die."

On or about 7 January 2005, a warrant was issued for defendant's arrest for murder, attempted first degree murder, and robbery with a dangerous weapon. On 16 May 2005, defendant was indicted on all three counts. On or about 14 July 2006, defendant filed a "Notice of Intent to assert the defense of Self Defense." Trial was held 11 to 25 September 2006. Defendant was convicted of second degree murder and attempted first degree murder.

On 25 September 2006, defendant was sentenced consecutively within the presumptive range on both counts, 251 to 311 months on the charge of second degree murder and 225 to 279 months on the charge of attempted first degree murder. Defendant appeals. The issues on appeal are whether the trial court erred by (1) failing to instruct the jury on imperfect self-defense and (2) miscalculating defendant's prior record level.

---

1. The evidence from witnesses as to which of the four men shot first was not consistent; however, such differences are not dispositive of the issues presented on appeal.

**STATE v. GOODWIN**

[190 N.C. App. 570 (2008)]

II. Jury Instructions

Defendant assigns error arguing (1) "the trial court committed plain error in failing to instruct the jury on imperfect self-defense", and (2) "the trial court erred in failing to instruct on imperfect self-defense after the jury's note, in violation of N.C. Gen. Stat. [§] 15A-1234(a)(4)." For the following reasons, we disagree.

A. Initial Jury Instructions

[1] On 12 September 2006, before a jury had been chosen the following dialogue took place:

> THE COURT: Does the defendant allege he acted in self-defense or not?
>
> MR. BRYANT: We've given notice of self-defense in this case.
>
> THE COURT: What do you want me to tell the jury that the defendant alleges he acted in self-defense?
>
> MR. BRYANT: Do not tell the jury that, I would ask, your Honor.
>
> THE COURT: All right. I think I have to. If you ask for it, you know, alleged it, I think I've got to tell them.
>
> MR. BRYANT: I'm not asking.
>
> THE COURT: But you've given notice of it.
>
> MR. BRYANT: I've given notice of it, your Honor.
>
> THE COURT: Are you going to argue it?
>
> MR. BRYANT: I don't know at this particular time, your Honor.
>
> THE COURT: Well, okay. Let me see what your client says. Mr. Goodwin, stand up.
>
> (Defendant stands)
>
> THE COURT: Mr. Goodwin, your attorney just told me that although you have alleged or given notice of self-defense that he does not want me to tell the jury that you have alleged that you acted in self-defense. Do you want me to tell the jury that you allegedly acted in self-defense or not?
>
> THE DEFENDANT: Can I talk with my attorney first?
>
> THE COURT: For a minute.

**STATE v. GOODWIN**

[190 N.C. App. 570 (2008)]

(Defendant and counsel confer momentarily)

(Defendant stands)

THE COURT: Okay.

THE DEFENDANT: I trust my lawyer. I don't wish the jury to be informed of self-defense.

THE COURT: Okay. Thank you, sir. Mr. Bryant, I did notice in the file that you raised self-defense. Don't you think I should tell the jury about any possible issues that might come up, so they will have, uh, be ready for the case, know what it's about?

MR. BRYANT: I don't think you need to at this particular time, your Honor. At this particular time, our position on whether or not we put on evidence may or may not change, your Honor.

THE COURT: Well, you may be able to draw self-defense from the cross-examination. I don't know.

MR. BRYANT: May be able to. We just don't know as yet.

THE COURT: Okay. Mr. Beasley, have you got anything on this?

MR. BEASLEY: No, sir. I received notice for a defense of self-defense when it was filed.

THE COURT: I think if it's in the file, I should give it. And if it doesn't come up, we can always, you know, I'll also be glad to tell the jury at the appropriate time, and probably several times, at least once or twice, that the defendant doesn't have to put on any evidence, and that's not to be held against him, you know, if that's what you elect, Mr. Bryant. You can certainly talk about that in jury selection.

MR. BRYANT: Your Honor, if you are intending to do that, I object to your intentions to do so at this particular time.

THE COURT: If you've given notice, I think I should.

MR. BRYANT: In that event, we withdraw that notice.

THE COURT: You withdraw it?

MR. BRYANT: Yes, sir.

THE COURT: Talk to your client, make sure he knows and understands.

MR. BRYANT: He understands.

THE COURT: I know, but I want to make sure.

(Defendant and counsel confer)

MR. BRYANT: I believe he understands, your Honor. We have had the discussion before, but you're welcome to inquire.

THE COURT: I probably have to. Mr. Goodwin, I hate to bother you again. I need to ask you to stand up.

(Defendant stands)

THE COURT: Your attorney, Mr. Bryant, just told me that you are withdrawing the notice of self-defense, or the intention to allege self-defense in your case. Do you agree to this?

THE DEFENDANT: Yes, sir.

THE COURT: And this is something you've thought about for some time?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Thank you very much, sir. And thank you, Mr. Bryant.

MR. BRYANT: Thank you, your Honor.

During the charge conference defendant's attorney stated, "You asked us about self-defense. We are not requesting that instruction."

"A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443(c) (2005). "Thus, a defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error review." *State v. Barber,* 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001), *rev. dismissed,* 355 N.C. 216, 560 S.E.2d 142 (2002).

Here defendant's attorney specifically stated that defendant was not requesting a jury instruction on self-defense. Furthermore, defendant's attorney had earlier objected to the trial court informing the jury that defendant might possibly claim self-defense and withdrew defendant's notice of self-defense with defendant's explicit consent. Defendant's attorney specifically requested that the jury not be instructed as to self-defense, and thus defendant "has waived his right

to all appellate review concerning the invited error, including plain error review." *See id.*

## B. Additional Jury Instructions

**[2]** During jury deliberations the jury sent a note to the trial court which read,

> Can we hear more specifics on what constitutes "assault"? Is pointing a gun "assault"? Is firing a gun in response to gunfire "assault"? Are there excuses or causes we should consider that would make firing a gun at someone not "assault"? . . . .

After the jury's note, which could certainly be construed as raising issues of self defense, defendant still did not retract his initial pretrial request that the jury not be instructed on self-defense. During the discussion between the trial court and the attorneys on how the court should respond to the jury's note defendant's attorney stated, "I think that it's dangerous territory to try to answer those questions." Near the end of the discussion, defendant's attorney stated he was "batting . . . around" the idea of an instruction on self-defense, but ultimately, never changed his originally stated position that the trial court should not instruct on this issue.

As to the additional jury instructions, defendant waived his right to appellate review as his attorney specifically stated he did not want jury instructions regarding self-defense and never explicitly changed his position on that decision though given ample opportunities to at both the charge conference and upon being informed of the jury's note. *See id.* Defendant will not now be heard to complain that his request was granted. *See id.*

### III. Prior Record Level

**[3]** Defendant also contends his prior record level was miscalculated. He argues he was (1) "assigned one point for each of two offenses for which he was convicted in the same district court session[,]" and (2) "assigned points for the felony of possession of a firearm by a felon and points for the felony charge underlying that offense." The trial court assigned 15 points, finding defendant to be at level V for sentencing purposes.

## A. Same District Court Session

Errors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review

even though no objection, exception or motion has been made in the trial division.

. . . .

The sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law.

N.C. Gen. Stat. § 15A-1446(d)(18) (2005). The trial court's assignment of a prior record level is a conclusion of law which we review *de novo*. *State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007).

Defendant's prior conviction worksheet, to which defendant stipulated, *see generally* N.C. Gen. Stat. § 15A-1340.14(f)(1) (2005), shows he was convicted of (1) three class A1 misdemeanor offenses on 13 May 1997 and 3 September 2004, (2) three class I felony offenses on 17 December 1997, 19 May 1999, and 13 December 2005, (3) one class G felony offense on 17 May 2000, and (4) three class 1 misdemeanors on 30 May 2003, 29 October 2004, and 13 August 2004. In its brief the State concedes that the record "inaccurately shows that defendant was convicted of 'Asst on Female ('03CRS73319') on '09/03/2004.' " The correct date for one of defendant's class A1 misdemeanor offenses was in fact 30 May 2003.

(a) Generally.—The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court, or with respect to subdivision (b)(7) of this section, the jury, finds to have been proved in accordance with this section.

(b) Points.—Points are assigned as follows:

. . . .

(3) For each prior felony Class E, F, or G conviction, 4 points.

(4) For each prior felony Class H or I conviction, 2 points.

(5) For each prior misdemeanor conviction as defined in this subsection, 1 point. For purposes of this subsection, misdemeanor is defined as any Class A1 and Class 1 nontraffic misdemeanor offense[.]

. . . .

(c) Prior Record Levels for Felony Sentencing.—The prior record levels for felony sentencing are:

(5) Level V—At least 15, but not more than 18 points.

(d) Multiple Prior Convictions Obtained in One Court Week.— For purposes of determining the prior record level, if an offender is convicted of more than one offense in a single superior court during one calendar week, only the conviction for the offense with the highest point total is used. If an offender is convicted of more than one offense in a single session of district court, only one of the convictions is used.

N.C. Gen. Stat. § 15A-1340.14 (a)-(d) (2005).

30 May 2003 is the only session during which defendant was convicted for two offenses, one a class A1 misdemeanor and one a class 1 misdemeanor. *See State v. Smith*, 138 N.C. App. 605, 607-08, 532 S.E.2d 235, 237 (2000) (" '[S]ession' designates the typical one-week assignment to a particular location during the term."). Pursuant to N.C. Gen. Stat. § 15A-1340.14(d), only one of those two convictions may be used to calculate defendant's prior record level. *See* N.C. Gen. Stat. § 15A-1340.14(d).

Defendant's three class A1 offenses would be three points. *See* N.C. Gen. Stat. § 15A-1340.14(b)(5). Defendant's three class I offenses total six points. *See* N.C. Gen. Stat. § 15A-1340.14(b)(4). Defendant's class G offense is four points, *see* N.C. Gen. Stat. § 15A-1340.14(b)(3), and defendant's three class 1 misdemeanors would be two points, as only two of the offenses may be counted because one was in the same session as an A1 offense. *See* N.C. Gen. Stat. § 15A-1340.14(b)(5), (d). This brings defendant's total to fifteen points which places him at a prior record level five, *see* N.C. Gen. Stat. § 15A-1340.14(c)(5), the same as found by the trial court.

Even if the defendant were correct in contending the trial court improperly calculated this number "defendant's prior record point total would still yield a prior record level of V[] and he has suffered no prejudice." *State v. Rich*, 130 N.C. App. 113, 118, 502 S.E.2d 49, 52, *disc. rev. denied*, 349 N.C. 237, 516 S.E.2d 605 (1998). This assignment of error is overruled.

B. Points for Possession of Firearm by A Felon and for Felony Underlying that Offense

Defendant relies on *State v. Gentry*, 135 N.C. App. 107, 519 S.E.2d 68 (1999) in asserting that

STATE v. GOODWIN

[190 N.C. App. 570 (2008)]

Mr. Goodwin's prior record level worksheet assigned four points to the felony of possession of firearm by a felon in case 00 CRS 83227, conviction date May 17, 2000; and two points for the felony of manufacture marijuana, 97 CRS 16855, conviction date December 17, 1997. . . . Prior record level points cannot fairly be imposed both for the possession of firearm by a felon offense and for the felony underlying that offense.

In *State v. Gentry* this Court concluded that a defendant's prior record level for sentencing for habitual DWI may not be calculated using previous DWI convictions because they were the same convictions upon which her habitual DWI charge was based. *See State v. Gentry*, 135 N.C. App. 107, 111-12, 519 S.E.2d 68, 70-71 (1999) ("[O]ur legislature recognized the basic unfairness and constitutional restrictions on using the same convictions both to elevate a defendant's sentencing status to that of an habitual felon, and then to increase his sentencing level.").

Here the same conviction is not being used "to elevate defendant's sentencing status . . . and then to increase his sentencing level." *See Gentry* at 111, 519 S.E.2d at 70. Possession of a firearm by a felon is a separate substantive offense from the defendant's prior felony upon which his status as a felon was based. *See State v. Wood*, 185 N.C. App. 227, 237, 647 S.E.2d 679, 687 ("N.C. Gen. Stat. § 14-415.1[, entitled "Possession of firearms, etc., by felon prohibited[,]"] . . . creates a new substantive offense"), *disc. rev. denied*, 361 N.C. 703, 655 S.E.2d 402 (2007). Defendant's prior record level was correctly calculated pursuant to N.C. Gen. Stat. § 15A-1340.14, *see* N.C. Gen. Stat. § 15A-1340.14, and thus this assignment of error is overruled.

IV. Conclusion

For the foregoing reasons, we find the trial court did not commit prejudicial error in not giving the jury an instruction on self-defense and in calculating defendant's prior record level.

NO ERROR.

Judges TYSON and GEER concur.