STATE OF NORTH CAROLINA v. ALVIN DWIGHT FAIR

No. COA09-1381

(Filed 6 July 2010)

**Sentencing— prior record level—stipulation—determination of whether conviction counted for felony sentencing purposes reviewable on appeal**

The trial court erred in a second-degree murder case by determining defendant's prior sentencing level as Level IV instead of Level III. Although defendant stipulated to his prior record level on three separate occasions, the trial court's determination as to whether a conviction may be counted for felony sentencing purposes is reviewable on appeal. In the instant case, two felonies occurred within a single week and only one could be counted toward defendant's point total as provided in N.C.G.S. § 15A-1340.14(d).

Appeal by defendant from judgment entered 19 March 2009 by Judge J. Gentry Caudill in Lincoln County Superior Court. Heard in the Court of Appeals 9 June 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Kevin Anderson, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

STEELMAN, Judge.

Unlike a stipulation to the existence of a prior conviction, which is binding on appeal, the trial court's determination as to whether a conviction may be counted for felony sentencing purposes is reviewable on appeal.

STATE v. FAIR

[205 N.C. App. 315 (2010)]

## I. Factual and Procedural Background

Defendant was found guilty by a jury of second degree murder. At the sentencing hearing, the prosecutor and defense counsel stipulated in writing to the defendant's prior convictions and his record level. At the sentencing hearing, the following exchanges took place:

> [Prosecutor]: . . . The only matter in sentencing, I have prepared a prior record worksheet on Mr. Fair and find that he has nine prior points for sentencing making him a record level four. Does defendant stipulate to that?
>
> [Defense Attorney]: Yes.
>
> [Prosecutor]: Your Honor, the defendant's attorney has signed that stipulation . . . .
>
> . . . .
>
> The Court: And have you had the opportunity to look over the worksheet that has been presented to the Court by the state?
>
> [Defense Attorney]: Yes.
>
> The Court: Do you agree and stipulate that he has nine prior record points and is a prior record level four?
>
> [Defense Attorney]: I do. We did. mark out the driving while license revoked charge on the back with the district attorney's permission, and I don't think that affects it, but we did do that.
>
> The Court: So this is a B-2 felony and it is a prior record level four?
>
> [Defense Attorney]: Yes, sir.
>
> [Prosecutor]: That's correct, Your Honor.
>
> The Court: Thank you very much.

Based upon these stipulations, the trial court held that defendant was a Level IV for felony sentencing purposes based upon nine (9) prior record points. Defendant appeals.

## II. Stipulations Under Structured Sentencing

Defendant argues that the trial court erred in determining his sentencing level. We agree.

**STATE v. FAIR**

[205 N.C. App. 315 (2010)]

## A. Proof of Convictions Under Structured Sentencing

N.C. Gen. Stat. § 15A-1340.14(f) provides for the methods of proof of a defendant's prior convictions:

Proof of Prior Convictions.—A prior conviction shall be proved by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (2009).

In this case, counsel stipulated in writing, and orally to the court, to the following convictions of defendant:

| Offense | File No. | Date of Conviction | County | Class |
|---|---|---|---|---|
| Possession with intent to sell or deliver Cocaine | 98 CRS 2590 | 3/24/1999 | Lincoln | H |
| Assault on a female | 98 CRS 5645 | 11/6/1998 | Lincoln | 1-MD |
| Possession of Cocaine | 98 CRS 6316 | 3/24/1999 | Lincoln | I |
| Larceny | 97 CR 19177 | 8/6/1998 | Catawba | 1-MD |
| Assault on a female | 02 CR 57689 | 8/28/2002 | Gaston | 1-MD |
| Assault on a female | 02 CR 57692 | 8/28/2002 | Gaston | 1-MD |
| Conspiracy to Possess Cocaine | 5:03 CR —— | 9/05/2006 | Federal Court | I |

The stipulation also covered the point scoring of these convictions under Section I of the Worksheet and the record level determinations under Section II of the Worksheet.

### B.  Appealability of Trial Court's Determination of Sentencing Level

The question presented is to what extent defendant is bound by the stipulations made before the trial court on appeal. Under the provisions of N.C. Gen. Stat. § 15A-1340.14(f) a prior conviction may be established by stipulation. The existence of the conviction is an issue of fact. *State v. Hanton*, 175 N.C. App. 250, 254, 623 S.E.2d 600, 604 (2006). Defendant is bound on appeal by any stipulation as to the existence of a conviction.

However, even though defendant stipulated to his prior record level on three separate occasions, our cases have held that whether defendant's convictions can be counted towards sentencing points for determination of his structured sentencing level is a conclusion of law, fully reviewable by this Court on appeal. *State v. Williams*, 200 N.C. App. 767, 771, 684 S.E.2d 898, 901 (2009); *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009); *State v. Mack*, 188 N.C. App. 365, 380, 656 S.E.2d 1, 12 (2008); *State v. Goodwin*, 190 N.C. App. 570, 576, 661 S.E.2d 46, 50 (2008); *State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007). We are bound by the holdings in these cases. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

### C.  Multiple Convictions in a Single Week of Court

N.C. Gen. Stat. § 15A-1340.14(d) provides:

Multiple Prior Convictions Obtained in One Court Week.—For purposes of determining the prior record level, if an offender is convicted of more than one offense in a single superior court during one calendar week, only the conviction for the offense with the highest point total is used. If an offender is convicted of more than one offense in a single session of district court, only one of the convictions is used.

N.C. Gen. Stat. § 15A-1340.14(d) (2009).

In the instant case, the convictions for two of the felonies listed occurred on 24 March 1999. Under subsection (d) only one of these could be counted toward defendant's point total. The removal of one

**STATE v. FAIR**

[205 N.C. App. 315 (2010)]

of these felony convictions places defendant as a Level III rather than a Level IV. The trial court erred in determining defendant's sentencing level. *Goodwin*, 190 N.C. App. at 577, 661 S.E.2d at 51. This matter must be remanded for resentencing.

REMANDED FOR RESENTENCING.

Judges STEPHENS and HUNTER, JR. concur.