An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-793

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

v.                                    Wilson County
                                      No. 12 CRS 52283
TYQUAN LEE HINES


Appeal by defendant from judgment entered 23 January 2013 by Judge Milton F. Fitch, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 30 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Kathryn H. Shields, for the State.*

> *James W. Carter for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Defendant Tyquan Lee Hines appeals from a judgment entered pursuant to his guilty plea to selling or delivering marijuana. The trial court found defendant had a prior record level of VI, based on 19 prior record points, and sentenced defendant to a term of 20 to 24 months imprisonment. Defendant filed written notice of appeal on 1 February 2013.

We first note that defendant's notice of appeal does not include a certificate of service and thus does not conform to Rule 4 of our Rules of Appellate Procedure.  N.C. R. App. P. 4(a)(2) (providing that written notice of appeal must be served upon all adverse parties).  Failure to comply with Rule 4 constitutes a jurisdictional default, which "precludes the appellate court from acting in any manner other than to dismiss the appeal."  *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008).  Accordingly, we dismiss defendant's appeal, but, in our discretion, we allow defendant's petition for writ of certiorari to review the merits of his arguments.

Defendant argues the trial court erred in concluding he had a prior record level of VI, based on 19 points, because the worksheet used to calculate his prior record level lists one conviction twice.  We agree.

"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions . . . ." N.C. Gen. Stat. § 15A-1340.14(a) (2013).  The State bears the burden of proving a defendant's prior convictions by a preponderance of the evidence and may meet its burden through:

>    (1) Stipulation of the parties.
>
>    (2) An original or copy of the court record of the prior conviction.
>
>    (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
>
>    (4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (2013). Although a defendant's stipulation to his prior convictions will relieve the State of its burden of proving the existence of the convictions, such a stipulation "does not preclude our *de novo* appellate review of the trial court's calculation of defendant's prior record level[.]" *State v. Massey*, 195 N.C. App. 423, 429, 672 S.E.2d 696, 699 (2009); *see also State v. Fair*, 205 N.C. App. 315, 318, 695 S.E.2d 514, 516 (2010) ("[W]hether [a] defendant's convictions can be counted towards sentencing points for determination of his structured sentencing level is a conclusion of law, fully reviewable by this Court on appeal.").

Here, at the opening of the plea proceedings, the following exchange occurred:

>    [Prosecutor]: The defendant has entered a plea of guilty to selling marijuana and being record Level Six. Is that correct . . . ?

> [Defense Counsel]: That's correct, Judge. Is he five or six[?]
>
> [Prosecutor]: It has a six on the record sheet, I am sorry. Let me make sure-- Yes, I did put six.

The trial court subsequently signed a prior record level worksheet prepared by the prosecutor concluding defendant had a prior record level of VI. The Court found defendant had 19 prior record level points derived from 8 prior Class I convictions (16 points total), 2 prior Class 1 misdemeanors (2 points total), and 1 additional point because defendant committed the instant offense while on probation, parole, or post-release supervision. However, defendant's prior record level worksheet contains an error on its face in that one of defendant's prior convictions for possession of a Schedule II controlled substance is listed twice (file number 10 CRS 50930 from Wilson County on 4 April 2011). Excluding one of the double-counted convictions gives defendant 17 prior record level points and a prior record level of V. N.C. Gen. Stat. § 15A-1340.14(c) (2013).

The State contends that defense counsel's silence after the prosecutor's statement that he "put six" as defendant's prior record level constitutes a stipulation that defendant's prior record level was VI. However, the prosecution's answer to

counsel's question was merely that he "put six" on the prior record level worksheet. Given defense counsel's uncertainty as to whether defendant's prior record level was V or VI, we do not believe counsel's subsequent silence amounted to a stipulation that defendant's prior record level was VI. *State v. Alexander*, 359 N.C. 824, 828, 616 S.E.2d 914, 917 (2005) ("While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them." (citations and quotation marks omitted)). Moreover, "[t]he determination of an offender's prior record level is a conclusion of law that is subject to *de novo* review on appeal[,]" *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009), and "[s]tipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." *State v. Hanton*, 175 N.C. App. 250, 253, 623 S.E.2d 600, 603 (2006) (citation and quotation marks omitted).

Accordingly, we hold the trial court erred in sentencing defendant as having a prior record level of VI, and remand this

matter for resentencing.  As we are remanding for resentencing we need not address the remaining issues briefed by defendant.

Remanded for resentencing.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).