An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-583

Filed 18 February 2026

Wilson County, No. 23CR414407-970

STATE OF NORTH CAROLINA

v.

KAMERON DAEKWON HARRIS-BROOKS, Defendant.

Appeal by defendant from judgment entered 18 September 2024 by Judge William D. Wolfe in Wilson County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Kristin Peebles, for the State.*

> *Ryan Legal Services, PLLC, by John E. Ryan III, for defendant-appellant.*

PER CURIAM.

Defendant Kameron D. Harris-Brooks argues the trial court erred in calculating his prior record level. The State concedes the error. For the forgoing reasoning, we agree and vacate and remand for a new sentencing hearing.

## I.    Background

A jury convicted Defendant for first-degree forcible rape and assault inflicting

serious bodily injury. Prior to Defendant's convictions in the present case, Defendant was convicted of three felonies and two misdemeanors that count towards his prior record level: one conviction for conspiracy to commit robbery with a dangerous weapon (a Class E felony, *see* N.C.G.S. §§ 14-87(a), 14-2.4(a) (2023)); one conviction for involuntary manslaughter, (a Class F felony, *see* N.C.G.S. § 14-18 (2023)); one conviction for breaking and entering (a Class H felony, *see* N.C.G.S. § 14-54(a) (2023)); and two convictions for misdemeanor larceny (a Class 1 misdemeanor, *see* N.C.G.S. § 14-72(a) (2023)).

Based on Defendant's prior convictions, the trial court found Defendant had 14 points and was prior record level V. The trial court sentenced Defendant for 336 to 464 months for the first-degree forcible rape and 23 to 37 months for the assault inflicting serious bodily injury, to run consecutively. Defendant did not object to the trial court's calculation and stipulated to the prior record worksheet.

## II. Analysis

A prior record level determination is a question of law. *State v. Fraley*, 182 N.C. App. 683, 691 (2007). "We review questions of law de novo." *State v. Graham*, 379 N.C. 75, 80 (2011) (citation omitted). Despite a lack of objection, if an error results in a sentence that "was unauthorized at the time imposed, exceeds the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law[,]" the issue is preserved for appellate review. N.C.G.S. § 15A-1446(d)(18) (2023). Stipulations to questions of law are not binding on this Court.

*State ex rel. Carringer v. Alverson*, 254 N.C. 204, 208 (1961); *State v. Gardner*, 225 N.C. App. 161, 167 (2013).

A trial court determines an offender's prior record level "by calculating the sum of the points assigned to each of the offender's prior convictions . . . ." N.C.G.S. § 15A-1340.14(a) (2023). Class A1 and Class 1 nontraffic misdemeanors are assigned one point, Class H felonies are assigned two points, Class F and E felonies are assigned four points, and Class D felonies are assigned six points. *Id.* at (b). If an offender has ten, but no more than thirteen points, the offender is a prior record level IV offender, but an offender with fourteen points, is a prior record level V. *Id.* at (c).

Prejudicial error results when an offender is "sentenced at an incorrect prior record level, and the trial court sentenced [the offender] according to [that] incorrect prior record level." *State v. Williams*, 355 N.C. 501, 587 (2002); *but see State v. Bethea*, 173 N.C. App. 43, 61 (2005) (holding the calculation of points was harmless because had the trial court properly calculated the defendant's points his prior record level would have remained the same).

Here, despite not objecting during sentencing, the issue is preserved for our review. Moreover, while Defendant stipulated to his prior convictions, we are not precluded from reviewing the issue because it is a question of law.

The trial court did not reduce the points assigned to Defendant's conspiracy to commit robbery with a dangerous weapon conviction. Generally, robbery with a dangerous weapon is a Class D felony, *see* G.S. 14-87, but if an offender is convicted

of conspiracy to commit robbery with a dangerous weapon, it drops to a Class E felony, *see* G.S. 14-2.4(a). Because Defendant was convicted of a Class E felony, his conviction results in four points, as opposed to six. Thus, Defendant's prior record level is twelve points, making him a prior record level IV. The prior record level worksheet, however, assigned Defendant six points for a Class D felony for his conspiracy conviction, reflecting a total of fourteen points, and the trial court sentenced Defendant accordingly. Thus, this error prejudiced Defendant as the trial court sentenced him according to the incorrect prior record level. *See Williams*, 355 N.C. at 587.

## III. Conclusion

We vacate and remand for the trial court to resentence Defendant consistent with this opinion.

VACATED AND REMANDED FOR RESENTENCING.

Panel consisting of Chief Judge DILLON and Judges GORE and FREEMAN.

Report per Rule 30(e).