STATE OF NORTH CAROLINA v. ROBIN DALE FORD

No. COA08-936

(Filed 3 February 2009)

**1. Sentencing— attempted felonious larceny—prior record level—elements included in prior offense—assignment of one point**

In sentencing defendant as an habitual offender upon his conviction for attempted felonious larceny, the trial court did not err in determining defendant's prior record level by assigning a point under N.C.G.S. § 15A-1340.14(b)(6) on the basis that all elements of the present offense of attempted felonious larceny were included in a prior offense of felonious larceny for which defendant had been convicted.

**2. Sentencing— habitual offender—guilty plea**

Defendant's conviction for being an habitual felon was not reversed where defendant challenged an underlying conviction on appeal but pled guilty to being an habitual felon at trial. An

accused who pleads guilty waives all defenses other than insufficiency of the indictment, which defendant did not challenge. The argument that an earlier judgment is a nullity is properly brought by a motion for appropriate relief.

Appeal by Defendant from judgment entered 25 May 2001 by Judge Evelyn W. Hill in Durham County Superior Court. Heard in the Court of Appeals 15 January 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel Shatz, for Defendant.*

STEPHENS, Judge.

A lengthy recitation of the facts in this case is not necessary for a complete understanding of the issues argued on appeal. On 24 May 2001, a jury convicted Defendant of attempted felonious larceny. Defendant subsequently pled guilty to having attained the status of an habitual felon. The trial court determined that Defendant had 19 prior conviction points and was prior record level VI for sentencing. The trial court sentenced Defendant to 135-171 months in prison. Defendant timely appealed.[1]

[1] Defendant first argues that this Court must remand the case for resentencing because the trial court erred in determining that he was prior record level VI for sentencing. Specifically, Defendant argues that the trial court impermissibly assigned one prior conviction point on the basis that all of the elements of attempted felonious larceny were included in a prior offense for which Defendant was convicted. N.C. Gen. Stat. § 15A-1340.14(b)(6) (2007). Defendant contends that (1) pursuant to N.C. Gen. Stat. § 14-7.6, convictions used to establish a defendant's status as an habitual felon may not be used to calculate a defendant's prior record level, (2) the offense of attempted felonious larceny is not a lesser-included offense of felonious larceny, and (3) neither of Defendant's prior felonious larceny convictions included, as "elements" of the crimes, that Defendant took property valued over $1,000. *See* N.C. Gen. Stat. § 14-72(a) (2007) ("Larceny of goods of the value of more than one thousand dollars ($1,000) is a

---

1. Defendant filed the record on appeal on 5 August 2008. By order entered 20 August 2008, this Court deemed the record timely filed.

Class H felony."). Each of these contentions has been addressed and rejected by prior decisions of our courts.

First, in *State v. Bethea*, 122 N.C. App. 623, 471 S.E.2d 430 (1996), this Court held that the assignment of a prior conviction point pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(6) is not contrary to the provisions of N.C. Gen. Stat. § 14-7.6. Second, it is settled that attempted felony larceny is a lesser-included offense of felony larceny. *See State v. Broome*, 136 N.C. App. 82, 87-88, 523 S.E.2d 448, 453 (1999) ("An attempted crime is generally considered a lesser offense of that crime."), *appeal dismissed and disc. review denied*, 351 N.C. 362, 543 S.E.2d 136 (2000). Finally,

> [i]n North Carolina, larceny remains a common law crime and is defined as " 'the felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use.' " *State v. Revelle*, 301 N.C. 153, 163, 270 S.E.2d 476, 482 (1980), quoting from *State v. McCrary*, 263 N.C. 490, 492, 139 S.E.2d 739, 740 (1965). Our Supreme Court has held that "G.S. 14-72 relates solely to punishment for the separate crime of larceny," *State v. Brown*, 266 N.C. 55, 63, 145 S.E.2d 297, 303 (1965), and this Court has concluded that "[t]he statutory provision upgrading misdemeanor larceny to felony larceny does not change the nature of the crime; the elements of proof remain the same." *State v. Smith*, 66 N.C. App. 570, 576, 312 S.E.2d 222, 226, *disc. rev. denied*, 310 N.C. 747, 315 S.E.2d 708 (1984).

*State v. Boykin*, 78 N.C. App. 572, 576, 337 S.E.2d 678, 681 (1985). Thus, for purposes of N.C. Gen. Stat. § 15A-1340.14(b)(6), it matters not under what provision of N.C. Gen. Stat. § 14-72 Defendant's prior felony larceny convictions were established. Defendant's first argument is meritless. The trial court properly determined Defendant's prior record level.

[2] Next, Defendant argues that his conviction for having attained the status of an habitual felon, entered upon Defendant's guilty plea, must be reversed and that this case must be remanded for re-sentencing on the underlying attempted felony larceny conviction only. The habitual felon indictment alleged that Defendant previously had been convicted of the following felonies: felonious larceny in 1986, possession of a firearm by a felon in 1988, and felonious larceny in 1995. Defendant specifically argues that the trial court was without

subject matter jurisdiction to enter judgment in the 1988 case and that, thus, the judgment entered in that case is a "nullity." As a result, Defendant argues, his conviction for having attained the status of an habitual felon, "which depends on that prior conviction, cannot stand and must be vacated."

The critical fact in resolving Defendant's argument is that Defendant pled guilty to having attained the status of an habitual felon. Defendant does not acknowledge in his brief the well-established principle that "[b]y knowingly and voluntarily pleading guilty, an accused waives all defenses other than the sufficiency of the indictment." *State v. McGee*, 175 N.C. App. 586, 587, 623 S.E.2d 782, 784 (2006) (citing *State v. Hughes*, 136 N.C. App. 92, 97, 524 S.E.2d 63, 66 (1999), *disc. review denied*, 351 N.C. 644, 543 S.E.2d 878 (2000), *superseded on other grounds by* N.C. Gen. Stat. § 15A-1340.34 (2007)). *See also State v. Caldwell*, 269 N.C. 521, 525-27, 153 S.E.2d 34, 37-38 (1967). Defendant does not challenge the sufficiency of the habitual felon indictment. Rather, Defendant attacks the validity of one of his underlying convictions. This, Defendant may not do. *McGee*, 175 N.C. App. at 587, 623 S.E.2d at 784. Defendant's argument that the 1988 judgment is a nullity is properly brought by a motion for appropriate relief in that cause. *State v. Dammons*, 128 N.C. App. 16, 26, 493 S.E.2d 480, 486-87 (1997); N.C. Gen. Stat. §§ 15A-1411 to -1422 (2007).

Assignments of error set out in the record on appeal but not brought forward in Defendant's brief are deemed abandoned. N.C. R. App. P. 28(b)(6).

NO ERROR.

Judges STEELMAN and GEER concur.