STATE OF NORTH CAROLINA v. NATHANIEL VANDIS WILLIAMS

No. COA09-289

(Filed 3 November 2009)

### 1. Indictment and Information— guilty plea—information

The Court of Appeals granted defendant's petition for *writ of certiorari* under N.C. R. App. P. 21 in a delivery of a controlled substance case and concluded that the trial court did not err by accepting defendant's guilty plea because there was no variance, much less a fatal variance, between the allegations contained in the information and the prosecutor's stated factual basis for the plea agreement.

STATE v. WILLIAMS

[200 N.C. App. 767 (2009)]

### 2. Sentencing— prior record level—delivery of controlled substance

The trial court did not err in a delivery of a controlled substance case by concluding that defendant was a Level IV offender for sentencing purposes.

Appeal by Defendant from judgment entered 3 November 2008 by Judge Monica M. Bousman in Wake County District Court. Heard in the Court of Appeals 3 September 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Patrick S. Wooten, for the State.*

*Ryan McKaig for Defendant.*

STEPHENS, Judge.

### I. *Procedural History and Factual Background*

On 18 September 2008, Defendant Nathaniel Vandis Williams was arrested on charges of possession with intent to sell and deliver a controlled substance and sale and delivery of that controlled substance. On 3 November 2008, Defendant waived indictment and entered a guilty plea to an information alleging one count of delivery of the controlled substance, cocaine. On the same day, the State dismissed the charges of possession with intent to sell and deliver a controlled substance and sale of a controlled substance. In Wake County District Court, Defendant stipulated to being a prior record Level IV for sentencing purposes, and the trial court so found. The trial court sentenced Defendant to 11 to 14 months imprisonment and recommended participation in the DART program. From the judgment entered upon his guilty plea, Defendant appeals.

### II. *Discussion*

**[1]** Defendant first argues that the trial judge erred in accepting his guilty plea as there was no factual basis for his plea in violation of N.C. Gen. Stat. § 15A-1022. We disagree.

We note first that Defendant does not have an appeal as a matter of right to challenge the trial court's acceptance of his guilty plea. N.C. Gen. Stat. § 15A-1444 (2007); *see State v. Bolinger*, 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987) (defendant not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea). However, pursuant to N.C. R. App. P. 21, Defendant has petitioned this Court for a writ of certiorari. We

elect to grant Defendant's petition and review the issue. *See State v. Poore*, 172 N.C. App. 839, 616 S.E.2d 639 (2005) (treating defendant's appeal as petition for writ of certiorari and addressing defendant's argument that there was an insufficient factual basis supporting the entry of his plea); *State v. Rhodes*, 163 N.C. App. 191, 592 S.E.2d 731 (2004) (defendant's appeal treated as writ of certiorari and defendant's challenge to the procedures employed in accepting his guilty plea addressed).

N.C. Gen. Stat. § 7A-272 provides:

With the consent of the presiding district court judge, the prosecutor, and the defendant, the district court has jurisdiction to accept a defendant's plea of guilty or no contest to a Class H or I felony if:

(1) The defendant is charged with a felony in an information filed pursuant to G.S. 15A-644.1, the felony is pending in district court, and the defendant has not been indicted for the offense . . . .

N.C. Gen. Stat. § 7A-272(c)(1) (2007).[1] A defendant who pleads guilty in district court pursuant to N.C. Gen. Stat. § 7A-272(c)(1) shall enter that plea to an information. N.C. Gen. Stat. § 15A-644.1 (2007). An information "is a written accusation by a prosecutor . . . charging a person represented by counsel with the commission of one or more criminal offenses." N.C. Gen. Stat. § 15A-641(b) (2007). The information must contain (1) the name of the district court in which it is filed, (2) the title of the action, (3) criminal charges pleaded as provided in Article 49 of Chapter 15A, and (4) the signature of the prosecutor,[2] and must also contain or have attached the waiver of indictment. N.C. Gen. Stat. § 15A-644(a) and (b); N.C. Gen. Stat. § 15A-644.1.

Moreover, pursuant to N.C. Gen. Stat. § 15A-1022, "[t]he judge may not accept a plea of guilty . . . without first determining that there is a factual basis for the plea. This determination may be based upon . . . [a] statement of the facts by the prosecutor." N.C. Gen. Stat. § 15A-1022(c) (2007).

In this case, Defendant pled guilty to an information alleging delivery of cocaine, a controlled substance. At the hearing on De-

---

1. Where an appeal from a plea authorized by N.C. Gen. Stat. § 7A-272(c) lies, such appeal is to the appellate division. N.C. Gen. Stat. § 7A-272(d) (2007).

2. The omission of the signature of the prosecutor is not a fatal defect. N.C. Gen. Stat. §§ 15A-644(a)(4) and (b) (2007).

fendant's guilty plea, the prosecutor made a statement of the facts which supported the charge of delivery of cocaine. When asked by the trial court if Defendant had anything to add regarding the factual basis, defense counsel answered, "Nothing on the factual basis, Your Honor." The trial court then determined that, "after consideration of the record, the evidence presented, the answers of the [D]efendant, the statements of the lawyer for the [D]efendant, and the District Attorney, the Court will find that there is a factual basis for the entry of the plea[.]" Defendant now contends that there was no factual basis for the plea as there was a fatal variance between the facts alleged in the "charging instrument" and the facts as stated by the prosecutor. Defendant's argument is misplaced.

The arrest warrant states that Defendant sold and delivered cocaine to "Detective T. Ross[.]" The information refers to "Terry Ross" as the person to whom Defendant was charged with delivering cocaine. At the hearing on Defendant's guilty plea, the prosecutor stated: "[O]n a Thursday at about 12:40 in the afternoon, [Raleigh police] utilized the named informant in the charging document to make controlled purchases of cocaine. Detective Gibney [sic] utilized this CI." Defendant argues it is unlikely that the "named informant" referred to in the prosecutor's statement is a police officer, as the arrest warrant suggests.

However, Defendant entered a plea of guilty to an information, as required by N.C. Gen. Stat. § 15A-644.1. Thus, the information, not the arrest warrant, was the "charging instrument" in this case. Furthermore, there is no evidence before this Court that "Terry Ross" and the "named informant" were not the same person. Accordingly, we conclude there was no variance, much less a fatal variance, between the allegations contained in the information and the prosecutor's stated factual basis for the plea agreement. Thus, the trial court did not err in accepting Defendant's plea. Defendant's assignment of error is overruled.

[2] Defendant next argues that the trial court erred in determining that Defendant was a Level IV offender for sentencing purposes. Specifically, Defendant contends that the trial court erred in adding an additional sentencing point on the ground that one of Defendant's prior offenses included all of the elements of his present conviction for delivery of cocaine. We disagree.

Under N.C. Gen. Stat. § 15A-1444, "a defendant who has pled guilty has . . . the right to appeal . . . whether the sentence results from

an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14[.]" *State v. Carter*, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678 (2004). A defendant's prior record level "is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . finds to have been proved in accordance with [section 15A]." N.C. Gen. Stat. § 15A-1340.14(a) (2007). Furthermore, an additional point is added "[i]f all the elements of the present offense are included in any prior offense for which the offender was convicted[.]" N.C. Gen. Stat. § 15A-1340.14(6) (2007).

We note first that Defendant stipulated to being a Level IV offender and specifically stipulated to the addition of one point to his prior record level based on "the elements of this crime [being] associated with previous crimes[.]"[3] However, while "a stipulation by [a] defendant may be sufficient to prove [the] defendant's prior record level, the trial court's assignment of a prior record level is a conclusion of law, which we review *de novo*." *State v. Mack*, 188 N.C. App. 365, 380, 656 S.E.2d 1, 12 (2008) (citing *State v. Fraley*, 182 N.C. App. 683, 690, 643 S.E.2d 39, 44 (2007)). "Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate . . . ." *State v. Prush*, 185 N.C. App. 472, 480, 648 S.E.2d 556, 561 (2007) (citations and quotation marks omitted), *disc. review denied*, 362 N.C. 369, 663 S.E.2d 855 (2008). Furthermore, a trial court's determination of whether all the elements of a present offense are included in any prior offense involves the resolution of a matter of law, reviewable *de novo* on appeal. *Id.* Accordingly, we must review the trial court's calculation of Defendant's prior record level, despite Defendant's stipulation at the plea hearing. We conclude that the trial court correctly determined that Defendant was a Level IV offender by adding one point to his prior record level based on N.C. Gen. Stat. § 15A-1340.14(6).

We find support for our conclusion in *State v. Ford*, ― N.C. App. ―, 672 S.E.2d 689 (2009). In *Ford*, defendant argued that the trial court erred in determining his prior record level as the court impermissibly assigned one prior conviction point on the basis that all of the elements of attempted felonious larceny, of which defendant was found guilty, were included in a prior offense for which defendant was convicted. Specifically, defendant contended that "neither of [his] prior felonious larceny convictions included,

---

3. The addition of one point pursuant to N.C. Gen. Stat. § 15A-1340.14(6) elevated Defendant from a Level III to a Level IV offender.

as 'elements' of the crimes, that [d]efendant took property valued over $ 1,000[,]" *id.* at , 672 S.E.2d at 690, as required by N.C. Gen. Stat. § 14-72(a) which states that "[l]arceny of goods of the value of more than one thousand dollars ($ 1,000) is a Class H felony." *Id.* (quoting N.C. Gen. Stat. § 14-72(a)).

This Court, noting that this contention had already "been addressed and rejected by prior decisions of our courts[,]" *id.*, explained:

In North Carolina, larceny remains a common law crime and is defined as " 'the felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use.' " Our Supreme Court has held that "[N.C. Gen. Stat. §] 14-72 relates solely to punishment for the separate crime of larceny," and this Court has concluded that "[t]he statutory provision upgrading misdemeanor larceny to felony larceny does not change the nature of the crime; the elements of proof remain the same."

*Id.* (internal citations omitted). Thus, this Court concluded that "for purposes of N.C. Gen. Stat. § 15A-1340.14(b)(6), it matters not under what provision of N.C. Gen. Stat. § 14-72 [d]efendant's prior felony larceny convictions were established" and held that the trial court properly determined defendant's prior record level. *Id.*

N.C. Gen. Stat. § 90-95(a)(1) provides:

(a) Except as authorized by this Article, it is unlawful for any person:

(1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[.]

N.C. Gen. Stat. § 90-95(a)(1) (2007). "To prove sale and/or delivery of a controlled substance, the State must show a transfer of a controlled substance by either sale or delivery, or both." *State v. Carr,* 145 N.C. App. 335, 341, 549 S.E.2d 897, 901 (2001) (citing *State v. Moore,* 327 N.C. 378, 382, 395 S.E.2d 124, 127 (1990)).

In this case, Defendant pled guilty to delivery of a controlled substance, identified as cocaine, "in violation of N.C. [Gen. Stat.] § 90-95(a)(1)." Cocaine is included in Schedule II of the North

IN RE N.B., I.B., & A.F.

[200 N.C. App. 773 (2009)]

Carolina Controlled Substances Act. Defendant was previously convicted of delivery of a controlled substance, marijuana, in violation of N.C. Gen. Stat. § 90-95(a)(1). Marijuana is included in Schedule VI of the North Carolina Controlled Substances Act.

While delivery of a Schedule II controlled substance is punishable under N.C. Gen. Stat. § 90-95(b)(1) and delivery of a Schedule VI controlled substance is punishable under N.C. Gen. Stat. § 90-95(b)(2), as in *Ford*, the statutory provision for punishing delivery of cocaine differently from delivery of marijuana " 'does not change the nature of the crime; the elements of proof remain the same.' " *Ford*, —— N.C. App. at ——, 672 S.E.2d at 690 (citation omitted). Thus, as in *Ford*, for purposes of N.C. Gen. Stat. § 15A-1340.14(b)(6), it matters not under what provision of N.C. Gen. Stat. § 90-95 Defendant's prior conviction for delivery of a controlled substance was punishable. Accordingly, we conclude that the trial court properly determined Defendant's prior record level. The assignment of error upon which Defendant's argument is based is overruled.

AFFIRMED.

Judges HUNTER, JR. and BEASLEY concur.