STATE OF NORTH CAROLINA v. DANNY LYNN SNIDER

No. COA04-248

(Filed 1 March 2005)

## 1. Homicide— premeditation and deliberation—felled victim theory—absence of multiple lethal wounds

The trial court did not err by denying defendant's request to have the jury consider the lack of lethal blows after the killing as a factor in assessing premeditation and deliberation. Although defendant argues that the absence of multiple lethal wounds negates premeditation and deliberation if the presence of such wounds shows premeditation and deliberation (the felled victim theory), the State established premeditation and deliberation by other evidence.

## 2. Criminal Law— closing arguments—failure to call witnesses

The trial court did not abuse its discretion by overruling defendant's objection to the State's closing argument where defendant had commented on the State's failure to call two witnesses and the State's argument that defendant could have called the four-year-old witnesses was appropriate to rebut defense counsel's remarks.

## 3. Evidence— autopsy photographs—projected onto screen

The trial court did not abuse its discretion in a murder prosecution by admitting autopsy photographs projected onto a screen to illustrate the medical examiner's testimony. The photographs were not used in a repetitive manner and it was not excessive to project them onto a screen so that they could be viewed more easily.

## 4. Homicide— first-degree murder—short-form indictment—constitutional

The short-form first-degree murder indictment is constitutional.

Appeal by defendant from judgment entered 22 April 2003 by Judge Marcus L. Johnson in Lincoln County Superior Court. Heard in the Court of Appeals 4 November 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Ralf F. Haskell, for the State.*

*Nora Henry Hargrove, attorney for defendant.*

TIMMONS-GOODSON, Judge.

Danny Lynn Snider ("defendant") appeals his conviction of first-degree murder. For the reasons stated herein, we find no error in the trial.

The facts of this case are summarized as follows: On 7 July 2001, defendant attended a cook-out with his girlfriend, Lisa Cersosimo ("Cersosimo"), and their son, William. At the cook-out, defendant socialized with his neighbor, Steve Seagle ("Seagle"). As defendant, Cersosimo and William left the event, Seagle requested a ride home. Defendant and Cersosimo agreed to take Seagle home. Seagle rode in the back seat of the car with William and Seagle's twin nephews, Roger and Dale, who were invited to spend the night with William.

During the drive home, Seagle pressed his fingernails into William's knee and called William a "p*ssy." When the group arrived at the house shared by defendant and Cersosimo, Seagle pulled one of the twins from the car by his arm and threw him to the ground. As a result of Seagle's actions, defendant argued with Seagle and a physical fight ensued whereby both men sustained knife wounds. Cersosimo and the children went into the house, and Cersosimo called the police. A short while later, defendant came into the house, retrieved a rifle from the bedroom closet, returned outside and shot Seagle in the chest. Seagle died as a result of a single gunshot wound.

Defendant was arrested and charged with first-degree murder. He was tried before a jury, which convicted him of the charge. The trial court sentenced defendant to life imprisonment without parole. It is from this conviction that defendant appeals.

---

As an initial matter, we note that defendant's brief contains arguments supporting only four of the original seventeen assignments of error on appeal. The omitted assignments of error are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2004). We therefore limit our review to the assignments of error addressed in defendant's brief.

The issues presented on appeal are whether (I) the trial court erred by denying defendant's requested jury instruction; (II) the trial court erred by overruling defendant's objection to the State's closing argument; (III) the trial court erred by admitting Seagle's autopsy photographs into evidence; and (IV) the short-form first-degree murder indictment was constitutionally defective.

**[1]** Defendant first argues that the trial court erred by denying defendant's request to instruct the jury on the felled victim theory of premeditation and deliberation. We disagree.

During the charge conference, defendant requested that the trial court include the phrase "infliction of lethal blows after Steve Seagle was felled" in its jury instruction on the circumstances from which premeditation and deliberation could be inferred. The trial court refused to provide the requested instruction and instructed the jury in pertinent part as follows:

> Neither premeditation nor deliberation is usually susceptible to direct proof. They may be proved by circumstances from which they may be inferred, such as the lack of provocation by Steve Seagle, conduct of the defendant before, during, and after the killing, threats and declarations of the defendant, use of grossly excessive force, brutal or vicious nature—brutal or vicious circumstances of the killing, manner in which or means by which the killing was done, and ill will between the parties.

"The trial court is required to instruct the jury on all substantial features of a case." *State v. Elliott*, 344 N.C. 242, 273, 475 S.E.2d 202, 215 (1996) (citing *State v. Rose*, 323 N.C. 455, 458, 373 S.E.2d 426, 428 (1988)). The trial court should honor a defendant's request for a jury instruction only if the instruction is supported by the evidence and is a correct statement of the law. *See State v. Sams*, 148 N.C. App. 141, 146, 557 S.E.2d 638, 642 (2001) (citing *State v. Rogers*, 121 N.C. App. 273, 281, 465 S.E.2d 77, 82 (1996)).

To prove first-degree murder, the State must provide evidence of a "willful, deliberate, and premeditated killing." N.C. Gen. Stat. § 14-17 (2003).

> [P]remeditation means that the act was thought out beforehand for some length of time, however short, but no particular amount of time is necessary for the mental process of premeditation. Deliberation means an intent to kill, carried out in a cool state of blood, in furtherance of a fixed design for revenge or to accomplish an unlawful purpose and not under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation.

*State v. Davis*, 349 N.C. 1, 33, 506 S.E.2d 455, 472 (1998) (citations omitted).

"[T]he premise of the 'felled victim' theory of premeditation and deliberation is that when numerous wounds are inflicted, the defendant has the opportunity to premeditate and deliberate from one shot to the next." *State v. Austin,* 320 N.C. 276, 295, 357 S.E.2d 641, 653 (1987). The felled victim theory is typically advanced by the State in first-degree murder cases where the defendant is accused of inflicting multiple lethal wounds on the victim. *See State v. Leazer,* 353 N.C. 234, 539 S.E.2d 922 (2000); *State v. Truesdale,* 340 N.C. 229, 456 S.E.2d 299 (1995); *State v. Watson,* 338 N.C. 168, 449 S.E.2d 694 (1994); *State v. Brogden,* 329 N.C. 534, 407 S.E.2d 158 (1991); *State v. Austin,* 320 N.C. 276, 357 S.E.2d 641 (1987); *State v. Sims,* 161 N.C. App. 183, 588 S.E.2d 55 (2003). In such cases, the State argues that premeditation and deliberation may be inferred by " 'the dealing of lethal blows after the deceased has been felled and rendered helpless,' " and " 'the nature and number of the victim's wounds.' " *State v. Keel,* 337 N.C. 469, 489, 447 S.E.2d 748, 759 (1994) (quoting *State v. Gladden,* 315 N.C. 398, 431, 340 S.E.2d 673, 693 (1986)).

In the present case, defendant argues that "if the presence of [multiple lethal wounds] evidences premeditation and deliberation, then the absence of such [wounds] negates premeditation and deliberation." We conclude that the absence of multiple lethal wounds does not negate the elements of premeditation and deliberation in this case because the State established the elements of premeditation and deliberation by evidence other than the number of shots fired. The State presented evidence that defendant walked away from the argument with Seagle, entered the house, retrieved the firearm from a bedroom closet, exited the house, and shot Seagle. This evidence tends to show that defendant formed the intent to shoot Seagle at some point between the time he left the argument and the time of the actual shooting. Because the evidence tends to show that defendant's actions were deliberate and premeditated, we conclude that the trial court did not err by denying defendant's request to have the jury consider the lack of lethal blows after the killing as a factor in assessing premeditation and deliberation.

[2] Defendant also argues that the trial court erred by overruling defendant's objection to the State's closing argument. We disagree.

Where a defendant timely objects to a prosecutor's closing argument, this Court must determine "whether the trial court abused its discretion by failing to sustain the objection." *State v. Jones,* 355 N.C. 117, 131, 558 S.E.2d 97, 106 (2002) (citing *State v. Huffstetler,* 312

N.C. 92, 111, 322 S.E.2d 110, 122 (1984)). A prosecutor's argument is proper where it is consistent with the record and does not espouse conjecture or personal opinion. Counsel may argue to the jury the law, the facts in evidence, and all reasonable inferences drawn therefrom. *State v. Alston*, 341 N.C. 198, 239, 461 S.E.2d 687, 709 (1995). "When determining whether the prosecutor's remarks are grossly improper, the remarks must be viewed in context and in light of the overall factual circumstances to which they refer." *State v. Womble*, 343 N.C. 667, 692-93, 473 S.E.2d 291, 306 (1996) (citing *Alston*, 341 N.C. at 239, 461 S.E.2d at 709).

In the present case, defense counsel made the following pertinent remarks in his closing argument:

> Sometimes silence speaks volumes. And I would contend to you in this case that's very true. . . . The State never called these twins [Roger and Dale] to the witness stand to say that what these folks claimed didn't happen.
>
> . . . .
>
> I contend to you that the absence of evidence is very important here. And the absence of the twins is important.

The State, in its closing argument, rebutted defense counsel's remarks as follows:

> And then, finally, Mr. Shuford said, Now, silence is important. And the fact that they didn't bring the two twins in here, you should take account of that, and you can if you want to, but don't forget . . . there was nothing to prevent him from subpoenaing the parents to bring those kids in here and have a chance to see a four-year-old kid testify in front of a jury.

It is to the aforementioned statements that defendant objected.

We conclude that the State's closing argument is consistent with the record and does not espouse conjecture or personal opinion. The State's remarks are appropriate to rebut defense counsel's remarks about the fact that the State did not call Roger and Dale as witnesses. Furthermore, the State's argument addresses a reasonable inference from defendant's strategy, i.e., defendant's failure to present additional witnesses to testify about the events leading up to the shooting. Thus, we hold that the trial court did not abuse its discretion in overruling defendant's objection.

**[3]** Defendant also argues that the trial court erred by admitting autopsy photographs of Seagle into evidence. Defendant asserts that the inflammatory nature of the photographs outweighs their probative value. We disagree.

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." N.C. Gen. Stat. § 8C-1, Rule 403 (2003). The decision to admit photographic evidence "lies within the sound discretion of the trial court, and the trial court's ruling should not be overturned on appeal unless the ruling [is] manifestly unsupported by reason or [] so arbitrary that it could not have been the result of a reasoned decision." *State v. Goode*, 350 N.C. 247, 258, 512 S.E.2d 414, 421 (1999) (citing *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)). Our appellate courts continue to recognize "the long-standing rule that photographs of a murder victim, though gory or gruesome, may be introduced for illustrative purposes so long as they are not used in an excessive or repetitious manner aimed exclusively at arousing the passions of the jury." *State v. Call*, 349 N.C. 382, 414, 508 S.E.2d 496, 516 (1998) (citing *Hennis*, 323 N.C. at 283, 372 S.E.2d at 526).

In the instant case, the trial court admitted three autopsy photographs into evidence to illustrate the testimony of Dr. Patrick Lantz, Forsyth County Medical Examiner. In the first photograph, Seagle's left arm is raised to reveal two lacerations on the left side of Seagle's torso and a laceration on his chest. The second photograph shows a surgical incision on the right side of Seagle's torso. The third photograph shows the same surgical incision on the right side of Seagle's torso and a second surgical incision on Seagle's right shoulder. Dr. Lantz testified that Seagle suffered a knife wound on his right shoulder, a knife wound on the left side of his torso, and a gunshot wound to his chest, the latter of which was the cause of Seagle's death. The trial court allowed the State to publish two autopsy photographs to the jury by projecting them onto a screen in the courtroom, noting "with these small photographs, it certainly would be helpful to enlarge [them]."

We hold that the trial court's ruling admitting the enlarged photographs that were projected onto a screen was proper for the purpose of illustrating the extent of Seagle's wounds. Thus, the probative value of the photographs outweighs any potential unfair prejudice due to the nature of the photographs. The photographs were not used in a repetitive manner and it was not excessive to project them onto a screen for the purpose of making them more easily viewed. We con-

clude that the trial court did not abuse its discretion by admitting the enlarged photographs that were projected onto a screen.

[4] Defendant also argues that the short-form first-degree murder indictment was constitutionally defective. We disagree.

Our Supreme Court has consistently held that short-form murder indictments are constitutionally sound. *State v. Hunt*, 357 N.C. 257, 278, 582 S.E.2d 593, 607, *cert. denied*, 539 U.S. 985, 156 L. Ed. 2d 702, *petition denied*, 539 U.S. 985, 156 L. Ed. 2d 702 (2003); *see also State v. Wallace*, 351 N.C. 481, 504-05, 528 S.E.2d 326, 341 (2000) (upholding short-form indictment for murder). Accordingly, we overrule this assignment of error as it is without merit.

NO ERROR.

Judges TYSON and GEER concur.