**STATE v. HOPE**

[223 N.C. App. 468 (2012)]

———————

STATE OF NORTH CAROLINA v. W.D. HOPE, DEFENDANT

No. COA12-659

(Filed 20 November 2012)

**1. Appeal and Error—notice of appeal—not sufficient—writ of certiorari**

Defendant's appeal was heard pursuant to a writ of *certiorari* where his notice of appeal did not indicate the court to which appeal was taken, which would normally deprive the Court of Appeals of jurisdiction.

**2. Assault Deadly weapon—self defense instructions**

The trial court did not err in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury by denying defendant's request to include in its jury charge the self-defense instruction from the North Carolina Pattern Jury Instructions-Crim. 308.40. The language from *State v. Clay*, 297 N.C. 555, provided clear guidance on how to instruct the jury in a case like the one *sub judice* where the weapon is not a deadly weapon *per se*.

**3. Appeal and Error—self-defense instruction—waiver of appellate review**

Defendant waived any right to appellate review concerning the trial court's failure to give a self-defense instruction by object-

ing to the correct instruction, requesting the incorrect instruction, and choosing to forgo a self-defense instruction when given the option of the North Carolina Pattern Jury Instructions Crim. 308.45 or none.

### 4. Assault—instructions—simple assault not supported

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the evidence did not support a simple assault instruction and the trial court did not err in refusing defendant's request for an instruction lacking the serious injury element. Even if the jury found that defendant did not use a deadly weapon and fully believed his narrative of events, there was substantial evidence from the State that the victim suffered · serious injury caused by defendant and there was no contradictory evidence from defendant. Defendant only requested an instruction on simple assault and did not argue the issue of misdemeanor assault inflicting serious injury on appeal.

### 5. Constitutional Law—effective assistance of counsel—request for instructions—error not prejudicial

Defendant did not receive ineffective assistance of counsel in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury from trial counsel's objection to the correct self-defense instruction, which resulted in no self-defense instruction being given. Given the overwhelming evidence against defendant, there was no reasonable probability of a different result but for trial counsel's error.

Appeal by defendant from judgment entered on or about 6 October 2011 by Judge V. Bradford Long in Superior Court, Randolph County. Heard in the Court of Appeals 24 October 2012.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jane L. Oliver, for the State.*

*M. Alexander Charns, for defendant-appellant.*

STROUD, Judge.

### I. Factual Background

W.D. Hope ("defendant") was indicted on 13 September 2010 for assaulting Mr. Thomas Goddard with a deadly weapon with intent to kill inflicting serious injury. Defendant pleaded not guilty and the case went to jury trial.

The State's evidence presented at trial tended to show the following: On 23 April 2010, defendant went to Mr. Goddard's house. Defendant was angry with Mr. Goddard either because he believed that Mr. Goddard had made a move on his wife or because he believed that Mr. Goddard owed him money (the evidence was inconsistent on this point). When Mr. Goddard opened his front door, the defendant approached him, yelling, "Where's your money, I'm gonna kill you." Defendant then began beating him in the face and body with a metal pipe. After beating Mr. Goddard with the pipe, defendant left Mr. Goddard's house and went to a neighbor's house covered in blood, carrying a pipe which also had blood on it. When defendant entered the neighbor's house he told the neighbors that "he had beat up and killed a man."

Mr. Goddard suffered a severely broken jaw, several lost teeth, lacerations on his face, arms, and legs, as well as a substantial amount of blood loss. When the first responders arrived, Mr. Goddard was "covered in blood from head to toe." He was airlifted to a trauma center, where the doctors stitched his lacerations, wired his jaw shut, and installed a metal plate in his jaw.

The only evidence presented in defendant's case-in-chief was from defendant's interactions with police. Defendant made the following statement to police:

> I went to Mr. Goddard's house on Glovinia Street to get 75 dollars he owed me for a table and TV. Also, he owed me for a hedge trimmer. When I got there, he said he didn't have my money. I told him I needed my money. We—we both were drinking and words were exchanged. He hit me in the mouth with his fist while I was standing at the door. We started fighting and went into the living room. He pulled a pipe from under the sofa and hit me on the left lower leg.

> We continued to fight over the pipe and I got control of the pipe. I picked him up and—to body slam him, and his heads (sic)—his head hit the bedroom doorframe. He got up and stumbled to the bed. I seen (sic) lots of blood coming from his head, so I left. I never hit him with the pipe or while he was in the bedroom.

Defendant also showed police what they described as "an old injury" on his leg, implying that it was from Mr. Goddard's alleged assault on him.

In the charge conference, the trial judge and the attorneys discussed which self-defense instruction to use. The judge proposed that he instruct the jury using North Carolina Pattern Jury Instructions Crim. 308.45. N.C.P.I.—Crim. 308.45. Defendant's trial counsel objected and urged the judge to use N.C.P.I.—Crim. 308.40. The trial court noted that the instructions for assault with a deadly weapon with intent to kill inflicting serious injury cross-referenced 308.45, not 308.40. However, defendant's trial counsel persisted and opted to have no self-defense instruction rather than 308.45. Further, defense counsel requested that the trial court instruct as to the lesser included offense of simple assault, which the court denied. In its instructions to the jury, the trial court did not include any self-defense instruction, but did include the lesser offenses of assault with a deadly weapon inflicting serious injury and assault with a deadly weapon.

The jury returned a verdict of guilty as to the most serious charge. Defendant was then sentenced to 146 to 185 months imprisonment in the custody of the N.C. Department of Corrections. Defendant filed written notice of appeal on 11 October 2011.

## II. Jurisdiction

**[1]** "Without proper notice of appeal, this Court acquires no jurisdiction." *Brooks v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984) (citations omitted). In order for this Court to have jurisdiction to consider an appeal from a judgment or order entered in a criminal case, the appellant must give oral notice of appeal at trial or file written notice of appeal. N.C.R. App. P. 4. Defendant admits that his notice of appeal is flawed in that it does not indicate to which court the appeal is taken, in violation of Rule 4(b). Therefore, we would normally be without jurisdiction to hear defendant's appeal. *See Brooks*, 69 N.C. App. at 707, 318 S.E.2d at 352.

Defendant filed a petition for writ of certiorari on 28 September 2012. The State filed no response to defendant's petition. In its discretion, the Court grants defendant's petition. Therefore, we will consider defendant's substantive arguments.

## III. Jury Instructions

A. Standard of Review

Where the defendant preserves his challenge to jury instructions by objecting at trial, we review "the trial court's decisions regarding jury instructions . . . *de novo*[.]" *State v. Osorio*, 196 N.C. App. 458,

466, 675 S.E.2d 144, 149 (2009) (citation omitted). However, "[a] defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct. N.C. Gen. Stat. § 15A-1443(3)(2005). Thus, a defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error review." *State v. Goodwin*, 190 N.C. App. 570, 574, 661 S.E.2d 46, 49 (2008) (citation and quotation marks omitted), *disc. rev. denied*, 363 N.C. 133, 675 S.E.2d 664 (2009).

B. Analysis

Defendant argues that the trial court erred in not giving a self-defense instruction and in failing to give a simple assault instruction. Defendant contends that either the trial court should have given the requested 308.40 self-defense instruction or given the 308.45 self-defense instruction over the defendant's objection, rather than giving him the option of a 308.45 instruction or none. Defendant further contends that the trial court erred in denying his request for an instruction on the lesser included offense of simple assault because there was sufficient evidence to give the jury that option.

1. Failure to Give N.C.P.I.—Crim. 308.40 or N.C.P.I.—Crim. 308.45 Self-Defense Instruction

**[2]** Defendant first argues that the trial judge erred in not giving the requested 308.40 pattern self-defense instruction, or, in the alternative, not giving the 308.45 pattern self-defense instruction over the defendant's objection. Defendant properly preserved this issue for our review by objecting in the instruction conference and again at trial, when the trial judge gave the parties an opportunity to. object to the instructions.

"The trial court must give a requested instruction when supported by the evidence in the case." *State v. Soles*, 119 N.C. App. 375, 382, 459 S.E.2d 4, 9 (1995) (citation omitted), *disc. rev. denied*, 341 N.C. 655, 462 S.E.2d 523. However, it is not error for a judge to refuse to give an instruction that is an incorrect statement of the relevant law. *See State v. Snider*, 168 N.C. App. 701, 703, 609 S.E.2d 231, 233 (2005).

> Our Supreme Court has held when there is evidence from which it may be inferred that a defendant acted in self-defense, he is entitled to have this evidence considered by the jury under proper instruction from the court. Where there is evidence that defendant acted in self-defense, the court must charge on this

aspect even though there is contradictory evidence by the State or discrepancies in defendant's evidence. . . . The evidence is to be viewed in the light most favorable to the defendant.

*State v. Whetstone*, ___ N.C. App. ___, ___, 711 S.E.2d 778, 781-82 (2011) (citations, brackets, and quotation marks omitted).

The two instructions at issue in the present case are self-defense instructions N.C.P.I.—Crim. 308.40 and N.C.P.I.—Crim. 308.45. N.C.P.I.—Crim. 308.40 states, in relevant part:

Even if you find beyond a reasonable doubt that the defendant assaulted the victim, the assault would be justified by self-defense under the following circumstances:

(1) If the circumstances, at the time the defendant acted, would cause a person of ordinary firmness to reasonably believe that such action was necessary or apparently necessary to protect that person from bodily injury or offensive physical contact, and

(2) The circumstances created such belief in the defendant's mind. You determine the reasonableness of the defendant's belief from the circumstances appearing to the defendant at the time.

N.C.P.I.—Crim. 308.45, by contrast, states in relevant part:

If the circumstances would have created a reasonable belief in the mind of a person of ordinary firmness that the assault was necessary or appeared to be necessary to protect that person from death or great bodily harm, and the circumstances did create such a belief in the defendant's mind at the time the defendant acted, such assault would be justified by self-defense.

. . . .

NOTE WELL: *If the defendant used a weapon which is a deadly weapon "per se," do not give the following paragraph. If the weapon is not a deadly weapon per se, give the following paragraph. State v. Clay, 297 N.C. 555, 566 (1979).*

(If the defendant assaulted the victim, but not with a deadly weapon or other deadly force, and the circumstances would create a reasonable belief in the mind of a person of ordinary firmness that the action was necessary or appeared to be necessary to protect that person from bodily injury or offensive physical con-

tact, and the circumstances did create such belief in the defendant's mind at the time the defendant acted, the assault would be justified by self-defense—even though the defendant was not thereby put in actual danger of death or great bodily harm; however, the force used must not have been excessive.)

This Court, in *State v. Whetstone*, and our Supreme Court, in *State v. Clay*, have laid out which self-defense instructions are appropriate for charges of assault with a deadly weapon with intent to kill inflicting serious injury. This Court has stated that where a defendant is charged with assault with a deadly weapon, including where that deadly weapon is a deadly weapon *per se* or as a matter of law,

> trial judges should, in the charge, instruct that the assault would be excused as being in self-defense only if the circumstances at the time the defendant acted were such as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from death or great bodily harm.

*Whetstone*, ___ N.C. App. at ___, 711 S.E.2d at 784 (quoting *State v. Clay*, 297 N.C. 555, 565-66, 256 S.E.2d 176, 183, *overruled on other grounds by State v. Davis*, 305 N.C. 400, 290 S.E.2d 574 (1982)) (quotation marks omitted). If, however, the weapon used by the defendant is *not* a deadly weapon *per se*, i.e., where the jury must determine whether the weapon used was a deadly weapon, the trial court's instructions must incorporate the possibility that the jury could find that he did not use a deadly weapon. Thus, in that situation, the trial judge should further instruct the jury

> that if they find that defendant assaulted the victim *but do not find that he used a deadly weapon*, that assault would be excused as being in self-defense if the circumstances at the time he acted were such as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from 'bodily injury or offensive physical contact.'

*Clay*, 297 N.C. at 566, 256 S.E.2d at 183-84.

In *Whetstone*, this Court applied the above rules to pattern jury instructions 308.40 and 308.45 and concluded that it was error for the trial judge to instruct on self-defense using 308.40. The Court reasoned that when the deadly weapon element is not given to the jury to decide, 308.40 forces the jury to find that the defendant used excessive force. *Whetstone*, ___ N.C. App. at ___, 711 S.E.2d at 786. In

*Whetstone*, the trial court instructed the jury that "a knife is a deadly weapon," but, using 308.40, also instructed that "the right to use force extends only to such force reasonably appearing to the defendant under the circumstances necessary to protect the defendant from bodily injury or offensive physical contact." *Id.* at ___, 711 S.E.2d at 785. The Court observed that the combination of these two instructions lessened the State's burden of proof on self-defense by forcing the jury had to conclude that the use of a deadly weapon would never be *necessary* to protect the defendant from mere bodily injury or offensive contact, as opposed to death or great bodily harm. *Id.* at ___, 711 S.E.2d at 786-87.

This case is distinguishable from *Whetstone* because the judge left the question of the deadly nature of the weapon to the jury and, under the facts of this case, the only feasible self-defense theory would have been under the lesser "bodily injury or offensive contact" standard. However, the language from *Clay* quoted above provides clear guidance on how to instruct the jury in a case like the one *sub judice* where the weapon is not a deadly weapon *per se*. *See Clay,* 297 N.C. at 566, 256 S.E.2d at 183-84.

In the present case, defendant's trial counsel noted that the evidence only supported a finding of self-defense if the jury believed defendant's statement that he assaulted Mr. Goddard with his hands in response to Mr. Goddard's initial punch, as opposed to with a deadly weapon. Under this version of the facts, one without a deadly weapon, the jury would have considered the self-defense claim under the "bodily injury or offensive physical contact" standard. This standard is incorporated into both 308.40 and, if the weapon is not a deadly weapon *per se*, 308.45.

Nevertheless, it would have been error for the court to give 308.40 as it does not contain language explaining how the self-defense claim relates to the jury's findings on the deadly weapon element. 308.45, by contrast, incorporates the key language from *Clay* that explains the relationship between the jury's finding on the deadly weapon element and self-defense:

> *if they find that defendant assaulted the victim but do not find that he used a deadly weapon,* that assault would be excused as being in self-defense if the circumstances at the time he acted were such as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from bodily injury or offensive physical contact.

*Clay*, 297 N.C. at 566, 256 S.E.2d at 183-84 (emphasis added); *see* N.C.P.I.—Crim. 308.45 ("If the defendant assaulted the victim, but not with a deadly weapon or other deadly force . . .")*.* Therefore, the trial court did not err in denying defendant's request to include the 308.40 self-defense instruction in its jury charge.

**[3]** Defendant argues in the alternative that if 308.40 was not the correct instruction it was plain error for the trial court not to use 308.45 over the objections of his trial counsel. Specifically, defendant, citing *Whetstone*, argues that not using any self-defense instruction lessens the State's burden of proof. While, as the trial judge noted, defendant submitted sufficient evidence, taken in the light most favorable to the defense, to support a 308.45 instruction, "a defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error." *Goodwin*, 190 N.C. App. at 574, 661 S.E.2d at 49. Here, defendant invited the failure to give a self-defense instruction by objecting to the correct instruction, requesting the incorrect instruction, and by choosing to forgo a self-defense instruction when given the option of 308.45 or none. Therefore, defendant has waived any right to appellate review concerning this alleged error. *See id.*

2. Decision Not to Give Simple Assault Instruction

**[4]** Defendant next argues that he was entitled to a simple assault instruction, because as in *State v. Palmer*, 293 N.C. 633, 239 S.E.2d 406 (1977), if the jury did not find that he used a deadly weapon, the evidence would support a conviction for simple assault. We disagree.

> It is well-settled that the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense.

*State v. Porter*, 198 N.C. App. 183, 189, 679 S.E.2d 167, 171 (2009) (citation and quotation marks omitted).

Misdemeanor "[s]imple assault and assault inflicting serious injury are lesser included offenses of assault with a deadly weapon inflicting serious injury." *State v. Bell*, 87 N.C. App. 626, 635, 362 S.E.2d 288, 293 (1987).[1] Simple assault under N.C. Gen. Stat. § 14-33 is an assault where there is neither serious injury nor a deadly weapon. N.C. Gen. Stat. § 14-33 (a) (2010); *State v. Uvalle*, 151 N.C.

---

1. Defendant here requested an instruction on simple assault, but not misdemeanor assault inflicting serious injury.

App. 446, 454, 565 S.E.2d 727, 732 (2002), *disc. rev. denied*, 356 N.C. 692, 579 S.E.2d 95 (2003).[2] Because the defendant here only requested an instruction as to simple assault and has not argued the issue of misdemeanor assault inflicting serious injury on appeal, we only consider the issue of simple assault. N.C.R. App. P. 28(a).

This Court and our Supreme Court have had many opportunities to address the issue of lesser included offenses of assault with a deadly weapon inflicting serious injury. We have not, however, specifically decided whether a defendant is entitled to a simple assault instruction where the deadly weapon element is left to the jury, but there is uncontroverted evidence of serious injury.

In *State v. Palmer*, the Supreme Court found that the defendant was entitled to a jury instruction on simple assault where the defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury. *Palmer*, 293 N.C. at 643-44, 239 S.E.2d at 413. In that case, the evidence tended to show that the defendant hit the victim with a wooden stick, causing welts on his arm. *Id.* at 640, 239 S.E.2d at 411. Although there was evidence that the victim suffered serious injury from a subsequent assault by the same defendant without the stick, there was evidence of only minor injury from the use of the stick in the first assault. *Id.* at 640-41. The Court held that the stick in that case was not a deadly weapon *per se* and therefore the jury could find for the defendant on the issue of whether the stick was a deadly weapon. *Id.* at 643, 239 S.E.2d at 413. As a result, the Court concluded, the jury should have been instructed on simple assault. *Id.* at 643-44, 239 S.E.2d at 413.

By contrast, in *State v. Tillery* there was uncontroverted evidence of serious injury to the victim. 186 N.C. App. 447, 448, 651 S.E.2d 291, 292-93 (2007). As in *Palmer*, the weapon used—a 2x4 board—was not a deadly weapon *per se*. *Id.* at 451, 651 S.E.2d at 294. This Court held that under those facts, the jury should have been instructed on misdemeanor assault inflicting serious injury. *Id.* However, as it was apparently not raised, the Court did not specifically address whether the defendant in that case would have been entitled to an instruction on simple assault.

It is well established that where the State has presented uncontroverted evidence of serious injury, it is not error for a trial court to

---

2. Also included as misdemeanor assaultive crimes in § 14-33 are assault inflicting serious injury and assault with a deadly weapon. N.C. Gen. Stat. § 14-33(c)(1); *State v. Owens*, 65 N.C. App. 107, 110-11, 308 S.E.2d 494, 498 (1983).

refuse instructions on lesser included offenses lacking that element. *See State v. Williams*, 31 N.C. App. 111, 112, 228 S.E.2d 668, 669 (1976) (affirming trial court's refusal to instruct on assault with a deadly weapon, lacking the serious injury element, where the evidence of serious injury was uncontroverted), *disc. rev. denied*, 291 N.C. 450, 230 S.E.2d 767; *Uvalle*, 151 N.C. App. at 454-55, 565 S.E.2d at 732 (approving trial court's denial of the defendant's request for a lesser included lacking the serious injury element); *but see Bell*, 87 N.C. App. at 629, 635, 362 S.E.2d at 290, 293 (holding that it was error not to instruct on either simple assault or assault inflicting serious injury where there was conflicting evidence as to whether a deadly weapon was used and how the complainant's injuries arose).

Here, there was substantial evidence from the State that Mr. Goddard suffered serious injury caused by defendant, but no contradictory evidence offered by defendant. In fact, defendant's own statement to police was that Mr. Goddard had "lots of blood coming from his head" after defendant had "body slammed" him and his head hit the doorframe. Under the theories presented both by the State and the defense, defendant assaulted Mr. Goddard. Mr. Goddard suffered a severely broken jaw, requiring it to be wired shut and a metal plate to be installed, several lost teeth, lacerations on his face, arms and legs, as well as a substantial amount of blood loss. Indeed, one witness described Mr. Goddard as "covered in blood from head to toe." Mr. Goddard testified that after the assault he had, and continued to have at the time of trial, trouble concentrating and, even after treatment and surgery, has lost feeling on the side of his face. Thus, even if the jury found that defendant did not use a deadly weapon and fully believed his narrative of events, the evidence would not support a simple assault instruction and the trial court did not err in refusing defendant's request for an instruction lacking the serious injury element. *See Williams*, 31 N.C. App. at 112, 228 S.E.2d at 669.

3. Conclusion

The trial court correctly denied defendant's request for self-defense instruction 308.40, did not err in failing to give self-defense instruction 308.45 over defendant's objection, and did not err in failing to give the defendant's requested simple assault instruction. Therefore, on the issues properly before us we find no error in the jury instructions as given by the trial court.

## IV. Ineffective Assistance

### A. Standard of Review

"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and quotation marks omitted), *cert. denied*, 549 U.S. 867, 166 L.Ed. 2d 116 (2006).

### B. Analysis

[5] The only error made by trial counsel raised by defendant on appeal is his objection to the trial court's offer to instruct the jury using pattern jury instruction 308.45, thereby depriving defendant of any self-defense instruction. Since we conclude that the record on appeal "reveals that . . . [defendant's] claims . . . may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing" we will decide his ineffective assistance claim on its merits. *State v. Thompson*, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2001) (quotation marks and citation omitted), *cert. denied*, 546 U.S. 830, 163 L.Ed. 2d 80.

Even assuming trial counsel's error fell below an objective standard of reasonableness, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Allen*, 360 N.C. at 316, 626 S.E.2d at 286. "This determination must be based on the totality of the evidence before the finder of fact." *State v. Wade*, 155 N.C. App. 1, 18, 573 S.E.2d 643, 655 (2002) (citation and quotation marks omitted), *disc. rev. denied*, 357 N.C. 169, 581 S.E.2d 444.

Here, there was overwhelming evidence of defendant's guilt. The State offered the testimony of Mr. Goddard, who described the assault in detail, including defendant's demands for money, the substantial injuries he suffered, and their lasting after-effects. The State

also offered the testimony of a pastor who stated that before the assault defendant said to him, "I'm going over there and kill him right now," and that of two neighbors who testified that defendant showed up at their house covered in blood, holding a bloody pipe, and told them that he had "beat up and killed a man." The State further presented evidence that there was blood spatter all over Mr. Goddard's living room.

The only evidence offered favorable to defendant was his statement to the police that he body-slammed Mr. Goddard after Mr. Goddard hit him in the mouth and in the leg, and that defendant had an old scab on his leg where he claimed Mr. Goddard hit him with the pipe. This evidence formed the whole basis of his self-defense claim. Given the overwhelming evidence against defendant, there is no reasonable probability that but for trial counsel's error the result would have been different. *See State v. Whitted*, ___ N.C. App. ___, ___, 705 S.E.2d 787, 797 (2011) (observing that "the overwhelming evidence against Defendant would likely have led to the same jury verdicts of guilty on all charges."). Therefore, we hold that defendant received no prejudicial ineffective assistance of counsel.

NO ERROR.

Judges ELMORE and BEASLEY concur.