An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-708

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

STATE OF NORTH CAROLINA

v.                                    Caldwell County
                                      No. 10 CRS 053142
                                          10 CRS 053149
                                          10 CRS 053337
                                          10 CRS 053340

DOUGLAS DURANT LIPFORD


Appeal by Defendant from judgments entered 14 August 2012 by Judge Nathaniel J. Poovey in Caldwell County Superior Court. Heard in the Court of Appeals 4 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Thomas O. Lawton III, for the State.*

> *M. Alexander Charns, for Defendant.*


DILLON, Judge.


Douglas D. Lipford ("Defendant") appeals from judgments entered convicting Defendant of two counts of robbery with a dangerous weapon and two counts of conspiracy to commit robbery with a dangerous weapon, challenging the jury instructions and

alleging his trial counsel was ineffective.  We conclude there was no reversible error at trial.

The evidence of record tends to show the following:  In the fall of 2010, there were a string of robberies involving a number of retail establishments, including, *inter alia*, a Dollar General store and a Domino's pizza location, in Lenoir, North Carolina.  On 26 October 2010, Lenoir Police arrested Latanya Nicole Taylor on an unrelated drug charge, and she ultimately implicated Defendant, who had been her boyfriend, and a third person, in the robberies.  Ten eye-witnesses to the various robberies testified that Defendant had a firearm, nine of whom said the gun was a handgun.  However, Ms. Taylor – who was only present at the robberies at the Dollar General and at the Domino's – said, with regard to the incident at the Dollar General, that Defendant was carrying "[a] BB gun[.]"

On 6 December 2010, Defendant was indicted on seven counts of conspiracy to commit robbery with a dangerous weapon, four counts of robbery with a dangerous weapon, and one count of assault by pointing a gun.  Defendant's case came on for trial, and several of the charges were dismissed during the course thereof.  After deliberating for over eight hours on the remaining charges, the jury deadlocked on two counts of robbery

with a dangerous weapon; however, the jury found Defendant guilty of two counts of conspiracy to commit robbery with a firearm, arising out of the incidents at the Dollar General and the Domino's. The jury also found Defendant guilty of two counts of robbery with a firearm, arising out of incidents at two other retail establishments. The trial court entered judgments consistent with the jury's verdicts, sentencing Defendant to terms of incarceration with respect to each of the four convictions, with the sentences to run consecutively. From these judgments, Defendant appeals.

I: Jury Instruction: Lesser Included Offense

In Defendant's first argument, he contends the trial court committed plain error by failing to instruct the jury on common law robbery and conspiracy to commit common law robbery as lesser included offenses, based on Ms. Taylor's testimony that a BB gun – and not a "dangerous weapon" - was used in at least some of the incidents. We dismiss this issue, as Defendant invited error.

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767,

771 (2002). The test for whether to give a jury instruction on a lesser-included offense "is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981) (citation omitted).

In this case, two of Defendant's four convictions were for robbery with a firearm. "The critical difference between armed robbery [under N.C. Gen. Stat. § 14-87(a)] and common law robbery is that the former is accomplished by the use or threatened use of a [firearm or other] dangerous weapon," while "[t]he use or threatened use of a [firearm or other] dangerous weapon is not an essential element of common law robbery." *State v. Peacock*, 313 N.C. 554, 562, 330 S.E.2d 190, 195 (1985).

Defendant was also convicted of two counts of conspiracy to commit robbery with a firearm. "A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means." *State v. Tabron*, 147 N.C. App. 303, 306, 556 S.E.2d 584, 586 (2001), *disc. review improvidently allowed*, 356 N.C. 122, 564 S.E.2d 881 (2002) (citation and quotation marks omitted). "To constitute a conspiracy it is not necessary that the parties

should have come together and agreed in *express* terms to unite for a common object: A mutual, implied understanding is sufficient, so far as the combination or conspiracy is concerned, to constitute the offense." *State v. Bindyke*, 288 N.C. 608, 615-16, 220 S.E.2d 521, 526 (1975) (emphasis in original). This Court has held that when a defendant is charged with conspiracy to commit armed robbery, and the evidence of the firearm's operability is conflicting, the trial court should also instruct the jury on conspiracy to commit common law robbery. *State v. Carter*, 177 N.C. App. 539, 541, 629 S.E.2d 332, 335, *aff'd per curiam*, 361 N.C. 108, 637 S.E.2d 537 (2006) (holding the trial court committed plain error by failing to instruct the jury on the offense of conspiracy to commit common law robbery on conflicting evidence regarding whether the gun "was real or fake[,]" and reversing the defendant's conviction and remanding for a new trial); *but see State v. Lawrence*, 365 N.C. 506, 519, 723 S.E.2d 326, 335 (2012) (stating that "the trial court's charge on conspiracy to commit robbery with a dangerous weapon was erroneous," because the instruction "erroneously omitted the element that the weapon must have been used to endanger or threaten the life of the victim[,]" but holding that the error in the instruction did not constitute

plain error, because "[i]n light of the overwhelming and uncontroverted evidence, [the] defendant cannot show that, absent the error, the jury probably would have returned a different verdict").

The determination of whether to give an instruction on the lesser-included offense in cases involving a question as to whether a "firearm or other dangerous weapon" was involved depends on the evidence presented in each case. The Supreme Court has delineated three scenarios:

> The rules are: (1) When a robbery is committed with what appeared to the victim to be a firearm or other dangerous weapon capable of endangering or threatening the life of the victim and there is no evidence to the contrary, there is a mandatory presumption that the weapon was as it appeared to the victim to be. (2) If there is some evidence that the implement used was not a firearm or other dangerous weapon which could have threatened or endangered the life of the victim, the mandatory presumption disappears leaving only a permissive inference, which permits but does not require the jury to infer that the instrument used was in fact a firearm or other dangerous weapon whereby the victim's life was endangered or threatened. (3) If all the evidence shows the instrument could not have been a firearm or other dangerous weapon capable of threatening or endangering the life of the victim, the armed robbery charge should not be submitted to the jury.

*State v. Allen*, 317 N.C. 119, 124-25, 343 S.E.2d 893, 897 (1986) (holding that the evidence presented created only a permissive inference that the instrument used was in fact a firearm or other dangerous weapon, allowing the jury to decide whether the instrument threatened or endangered life, and thus, requiring the instruction on the lesser included offense of common law robbery should the jury reject the inference of the instrument's dangerous properties).

In a case involving a BB gun, in particular, this Court has held that there must be evidence in the record of a BB gun's capability to inflict death or great bodily injury for a jury to find that a BB gun is a dangerous weapon. *State v. Fleming*, 148 N.C. App. 16, 25, 557 S.E.2d 560, 565 (2001). Our Supreme Court explained the necessity of the instruction on the lesser-included offense of common law robbery when there is evidence that the defendant used a BB gun:

> In determining whether evidence of the use of a particular instrument constitutes evidence of use of "any firearms or other dangerous weapon, implement or means" within the prohibition of G.S. 14-87, the determinative question is whether the evidence was sufficient to support a jury finding that a person's *life* was in fact endangered or threatened. Employing this test, we determine that the testimony by Robinson that the rifle he used during the robbery was a Remington pellet gun was

sufficient to support a jury finding that the lives of the victims here in fact were endangered or threatened by his possession, use or threatened use of the rifle. The testimony of Robinson, on the other hand, that the rifle was a BB rifle constituted affirmative evidence to the contrary and indicated that the victims' lives were not endangered or threatened in fact by his possession, use or threatened use of the rifle. This latter statement by Robinson was affirmative testimony tending to prove the absence of an element of the offense charged and required the submission of the case to the jury on the lesser included offense of common law robbery as well as the greater offense of robbery with firearms or other dangerous weapons.

*State v. Alston*, 305 N.C. 647, 650-51, 290 S.E.2d 614, 616 (1982) (citations omitted) (emphasis in original).

In the present case, we believe there is evidence from which the jury could reasonably infer that the weapon used by Defendant in at least some of the incidents, particularly the Dollar General and the Domino's, was *either* a BB gun *or* a firearm. For instance, the victim and two other witnesses at the Domino's robbery stated that Defendant had a firearm. Also, a witness to one of the robberies testified that the gun was "close enough for me to look down the barrel and see the threads on it[.]" Only Ms. Taylor testified that the gun used in the Dollar General conspiracy was a BB gun; however, she also affirmed that she was with Defendant in the car at both the

Dollar General and the Domino's and that she "[n]ever seen (sic) [Defendant] with any other guns[.]" She also testified that she was with Defendant when the gun was destroyed "[r]ight after" the incident at Domino's. From these testimonies, the jury could reasonably infer that Defendant only had one gun, and – depending upon whether the jury believed Ms. Taylor or the other eye-witnesses – that the gun Defendant possessed at the Domino's, the Dollar General, and the other locations was either a BB gun or, respectively, a real gun. Accordingly, we believe, that trial court was required to submit a common law robbery instruction and a conspiracy to commit common-law robbery instruction to the jury. *See Carter*, 177 N.C. App. at 541, 629 S.E.2d at 335.

However, though we believe the trial court committed error, we must consider the State's argument that the error was invited. "A defendant is not prejudiced . . . by error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443(c) (2011). In the context of jury instructions, a defendant who consents to the manner in which the trial court gives the instructions to the jury "will not be heard to complain on appeal when the trial court has instructed adequately on the law and in a manner requested by the defendant." *State v.*

*Wilkinson*, 344 N.C. 198, 235-36, 474 S.E.2d 375, 396 (1996) (citation and quotation marks omitted). "[A] defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error review." *State v. Hope*, __ N.C. App. __, __, 737 S.E.2d 108, 111 (2012), *disc. review denied*, 366 N.C. 438, 736 S.E.2d 493 (2013) (citation and quotation marks omitted).

During the charge conference in this case, Defense counsel, counsel for the State, and the trial court had a discussion pertaining to an instruction on common law robbery and conspiracy to commit common law robbery in which counsel for the State indicated that he would not necessarily "be opposed to a common law instruction." However, Defense Counsel withdrew his request for the lesser-included offense, stating, "for the record I would withdraw my request that common law robbery be submitted in this case, because I had asked for it and now I would withdraw that in light of the further reflection[.]" The Court asked defense counsel the following question:

> COURT: As I understood or the end of our conversation on Friday, you were not requesting it.
>
> MR. PEARCE: That is correct, Your Honor. We're not requesting a common law robbery charge.

> COURT: Either in the conspiracy or in the underlying[?]
>
> MR. PEARCE: In none of the six issues that will be submitted. We're not asking for that, yes, sir.

Defense counsel also made clear that his "whole defense" was that Defendant was not the perpetrator, because "the elements of the crime are almost given[.]" We believe that by withdrawing his request for the lesser-included offense, by agreeing to instructions without the lesser-included offense instruction, and by declining, a second time, the lesser-included offense instruction, Defendant invited error in this case. *See State v. Sierra*, 335 N.C. 753, 760, 440 S.E.2d 791, 795 (1994) (holding that the defendant invited error by "stat[ing] a total of three times that he did not want such an instruction . . . and was contrary to defendant's theory of the case"); *Hope*, __ N.C. App. at __, 737 S.E.2d at 111 (stating that "a defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error review"); *State v. Wilkinson*, 344 N.C. 198, 235-36, 474 S.E.2d 375, 396 (1996) (holding the defendant invited error when he consented to the manner in which the trial court gave the instructions to the jury and, when asked specifically, said, "[t]hat will be fine"). Therefore, we dismiss this argument.

II: Jury Instruction: Definition of Deadly Weapon

In Defendant's second argument, he contends the trial court committed plain error by failing to define "dangerous weapon" to the jury. We disagree.

We have held that, in a prosecution for robbery with a firearm or other deadly weapon, when evidence is conflicting regarding whether the instrument used was actually a firearm or dangerous weapon, "the jury must be properly instructed with a definition of a dangerous weapon." *Fleming*, 148 N.C. App. at 26, 557 S.E.2d at 566. In this case, we believe that even if the trial court erred by failing to define "dangerous weapon" in its instructions to the jury – even where we have held that the trial court's failure to instruct on lesser included offenses was the result of Defendant's invited error – we do not believe that this failure to define "dangerous weapon" rises to the level of plain error.

"Under the plain error rule," the "defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993) (citation omitted). Defendant's argument in his brief that he was prejudiced consists of one sentence, in which he states that

there may have been a different result because this is a "close case" and the jury "deliberated for a lengthy time." After our thorough review of the record, we believe the evidence incriminating Defendant was such that, even if there was error pertaining to the trial court's failure to instruct the jury on the definition of dangerous weapon, there was no plain error. Though it is *possible* that the jury may have believed Ms. Taylor's testimony that the gun was a BB gun, Defendant has failed to show that the jury *probably* believed her, and disbelieved the other witnesses. Accordingly, Defendant has failed to meet his burden of showing that the jury probably would have reached a different result had the trial court given the instruction on the definition of deadly weapon. *See State v. Carter*, 366 N.C. 496, 500, 739 S.E.2d 548, 552 (2013) (stating that there was no plain error where the "[d]efendant has not shown that 'the jury probably would have returned a different verdict' if the trial court had provided the . . . instruction") (internal citation omitted).

III: Ineffective Assistance of Counsel

In Defendant's third argument on appeal, he contends he received ineffective assistance of counsel when his trial counsel withdrew his request that the trial court instruct on

common law robbery and conspiracy to commit common law robbery, and failed to request an instruction on the definition of deadly weapon. We believe that the cold record is not sufficient to allow us to decide this issue. Accordingly, we dismiss Defendant's claim without prejudice to his "right to reassert [this claim] during a subsequent MAR proceeding." *State v. Fair*, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001).

IV: Amendment to Indictments

In Defendant's fourth argument on appeal, he contends the trial court erred by allowing the indictments to be amended. We disagree.

In this case, the trial court ruled that "[t]he motion to amend the indictment to allege the victim's name as Paul Bringhurst Waterbury rather than Paul Bringhurst is allowed." The trial court also allowed the motion to "amend [the indictments] to Douglas Lipford – Douglas Durant Lipford the second." Defendant argues the foregoing was error. This Court has held such changes are not improper amendments and do not substantially alter the charge set forth in the indictment. *See State v. Hewson*, 182 N.C. App. 196, 211, 642 S.E.2d 459, 469, *disc. review denied*, 361 N.C. 572, 651 S.E.2d 229 (2007)

(changing "Gail Hewson Tice" to "Gail Tice Hewson"). This argument is without merit.

NO ERROR in part; DISMISSED in part.

Chief Judge MARTIN and Judge STEELMAN concur.

Report per Rule 30(e).